**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALNUT HILL ESTATE ENTERPRISES, LLC; et al.,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>CITY OF OROVILLE; et al.,<br><br>          Defendants - Appellees. | No. 10-16863<br><br>D.C. No. 2:09-cv-00500-GEB-GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted September 13, 2011[**]
San Francisco, California

Before: THOMAS and N.R. SMITH, Circuit Judges, and OLIVER, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for Northern Ohio, Cleveland, sitting by designation.

Appellants brought this action against the City of Oroville, and its employees David Goyer, Becky Fraser, Ray Sandoval, Chris Gail, and Derek Prestesater, alleging that inspections, performed pursuant to search warrants for code violations at the Oroville Inn and a subsequent Notice to Repair or Demolish, violated their First, Fourth, Fifth, and Fourteenth Amendment rights. The district court granted summary judgment on all claims. We affirm.

1.     The inspection warrants were not facially invalid. It is undisputed that the City observed the property in dilapidated conditions while responding to a fire alarm at the Inn. Thereafter, the Fire Marshall and code inspector observed specific code violations when they went to the Inn to talk to the maintenance man. These plain view observations of health and safety violations are sufficient to create probable cause for a search warrant. *See Michigan v. Tyler*, 436 U.S. 499, 509 (1978)("[I]t would defy reason to suppose that firemen must secure a warrant or consent before entering a burning structure to put out the blaze. And once in a building for this purpose, firefighters may seize evidence of arson that is in plain view."); *Camara v. Mun. Court of City and Cnty. of San Francisco*, 387 U.S. 523, 538 (1967) ("Where considerations of health and safety are involved, the facts that would justify an inference of 'probable cause' to make an inspection are clearly

different from those that would justify such an inference where a criminal investigation has been undertaken.").

2.      The search warrants were not excessive in scope. The affidavit provided sufficient information for a magistrate to conclude that the entire premises had to be searched for health and safety code violations. *See Dawson v. City of Seattle*, 435 F.3d 1054, 1064 (9th Cir. 2006) ("Because the warrants specified the crime to be investigated, the specific places to be searched, and the types of evidence to be seized, they provided sufficient guidance to the health investigators executing the warrant.").

3.      The district court did not err in ruling that the searches were not retaliatory. Appellants failed to produce any material fact demonstrating that retaliation for litigation against the City was a "substantial" factor in searching the Inn. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Here, the City responded to a fire at Appellants' property seven months after Appellants filed their lawsuit against the City. While responding to the fire alarm, the City observed health and safety code violations, which were the basis for searching the Inn. There is no evidence in the record that the City conducted the inspections in retaliation for the earlier action. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("[C]onclusory allegations unsupported by

3

factual data are insufficient to defeat the [Defendants'] summary judgment motion.").

4.     To prevail in a § 1983 claim for a procedural due process violation, a plaintiff must show deprivation of a protected property or liberty interest without being given due process. *Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). The issuance of the Notice to Repair or Demolish (Notice) without a hearing did not violate Appellants' procedural due process rights. Appellants do not assert that the City seized their property nor do they assert that California law required a hearing prior to the issuance of the Notice. Thus, Appellants failed to demonstrate that they had a property interest in a hearing before receiving the Notice.

Appellants make no argument as to how they were deprived of a liberty interest, thereby waiving this issue. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review." (citation omitted)).

5.     The district court did not err in ruling that the searches and the Notice did not violate Appellants' substantive due process rights. The actions of the Appellees were rationally related to a legitimate government interest. *Armendariz*

4

*v. Penman*, 75 F.3d 1311, 1328 (9th Cir. 1996), *overruled on other grounds by Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856-57 (9th Cir. 2007) ("The City has an obvious interest in preventing safety and sanitation hazards by enforcing the housing code.").

6.      Because the constitutional rights of Appellants were not violated, we do not address Appellants' remaining claims.

**AFFIRMED.**